UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONSTANCE YEALDHALL,

      Plaintiff,

v.                                    Case No: 6:13-cv-739-Orl-28GJK

MARVETTE JENKINS and HALIFAX
STAFFING, INC.,

      Defendants.

## ORDER

This case is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint, or, Alternatively, for a More Definite Statement (Doc. 26) filed by Defendant, Halifax Staffing, Inc. Plaintiff, Constance Yealdhall, has not responded to the motion. Ms. Yealdhall sued Halifax, her former employer, for assault and battery, retaliation,[1] and violations of the Americans with Disabilities Act of 1990 (ADA).[2] (Am. Compl, Doc. 24).

Halifax argues that Ms. Yealdhall's ADA claim is barred because she failed to properly exhaust her administrative remedies due to untimeliness. (Doc. 26 at 2-3). The ADA normally requires complainants to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the allegedly unlawful employment practice. Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262 (11th

---

[1] It is unclear whether Ms. Yealdhall seeks recovery for retaliation under the Americans with Disabilities Act or under another body of law. She does not specifically mention the ADA or any other federal statute in the retaliation count in her complaint, however, so the Court treats her retaliation claim as a state law claim. (See Am. Compl., Doc. 24, ¶¶ 1, 28-32).

[2] Ms. Yealdhall also sued Marvette Jenkins, another employee of Halifax, for assault and battery. (Am. Compl, Doc. 24, ¶¶ 10-15).

Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1)). However, in a "deferral state" such as Florida, "the period for filing a charge with the EEOC may be extended to 300 days if the complainant first files a timely charge in a state or local agency." Id.; see also Gillis v. Sports Auth., Inc., 123 F. Supp. 2d 611, 614 (S.D. Fla. 2000) ("In Florida, the required administrative charge [for an ADA claim] must be filed with the EEOC within 300 days of the alleged discriminatory action.").

Halifax attached to its motion a Charge of Discrimination filed by Ms. Yealdhall with the Florida Commission on Human Relations and the EEOC.[3] (Doc. 26 at 9). The charge was filed on June 30, 2011, and it lists the latest date of discrimination as March 8, 2010. (Id.). The charge describes the same dates and conduct as stated in the Complaint filed with this Court. Ms. Yealdhall's ADA claim must be dismissed because she did not file the charge with the EEOC within 300 days of the alleged discriminatory conduct.

The Complaint in this case included state claims for retaliation and assault and battery, and removal was based solely on federal question jurisdiction due to the ADA claim. (Notice of Removal, Doc. 1). Following the dismissal of Ms. Yealdhall's ADA claim, the Court declines to exercise supplemental jurisdiction over her state law claims in Counts I, II, and IV. 28 U.S.C. § 1367(c)(3).

---

[3] In considering a motion to dismiss, courts can generally only consider "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). A "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, the charge is central to Ms. Yealdhall's claim because it is a condition precedent to her filing suit and it is mentioned in the Complaint. (See Doc. 24 ¶ 7). Ms. Yealdhall did not file a response to the charge and has not otherwise disputed the document. The Court can thus consider the charge.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Ms. Yealdhall's ADA claim (Count III) is **DISMISSED WITH PREJUDICE.**

2. This case is remanded to the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida, Case No. 2012-33289-CICI.

3. The Clerk of the Court is directed to remand this case and to thereafter close this file.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Clerk of the Circuit Court, Seventh Judicial Circuit in and for Volusia County, Florida